JOSEFA AMALIA ORTIZ-LUNA, Plaintiff and Appellee, *v.* PEDRO CLAUSELLS-ARMSTRONG, MANUEL ANTONIO MAYORAL-BARNÉS, MANUEL MAYORAL-BARNÉS, ANA MARÍA BARNÉS-PLAJA and ANTONIO DOMINICCI-ORTIZ, Defendants.—CLAUSELLS, Appellant.

No. 3295. Argued January 20, 1925.—Decided July 24, 1925.

1. REVENDICATION.—Certain deeds of purchase and sale in which' one of the defendants was not a party were adjudged void, and it appearing that annulment of the purchase title of the said defendant was not prayed for by the plaintiff and his title was not annulled by the judgment, and that, according to the complaint, after dividing into lots the properties conveyed by the deeds the said defendant sold them to other persons who were not defendants in the suit, the pronouncement of the judgment that the properties shall be restored is erroneous.

2. ID.—FRAUD—EVIDENCE.—Every presumption being against fraud, and something more than a mere conjecture being necessary to establish its existence, it must be shown by means of clear, strong and convincing evidence.

District Court of Ponce, R. Díaz Cintrón, J. Judgment for the plaintiff in an action of revendication. *Reversed* as to the appellant.

*José F. Fernández Coronas* and *José Fernández Segarra* for the appellant. *José R. Gelpí* and *Angel Fiol Negrón* for the appellee.

Mr. JUSTICE ALDREY delivered the opinion of the court.

By public deed No. 225 of November 13, 1920, Antonio Dominicci, as attorney in fact and son of Josefa Amalia Ortiz, sold to Manuel Antonio Mayoral Barnés a property of six acres and a lot for the sum of $3,200, acknowledging that he had received that sum before the execution of the deed. On the same day and before the same notary deed No. 226 was executed wherein Ana María Barnés Plaja, with the consent of her husband Manuel Mayoral Barnés, acknowledged receipt from Dominicci, attorney in fact of Josefa Amalia Ortiz, of the sum of $3,200 as a loan and secured its payment with certificates of preferred and common stock of the Sociedad Hidroeléctrica de Ponce whose value was fixed at $6,400. By a deed of January 15, 1921, Pedro Clausells purchased from Manuel Antonio Mayoral Barnés the two properties aforesaid.

Thereafter Josefa Amalia Ortiz brought an action against her son Dominicci, Manuel Antonio Mayoral Barnés and his parents, Manuel Mayoral Barnés and Ana María Barnés Plaja, and Pedro Clausells, alleging that Manuel Mayoral Barnés, Sr., and Pedro Clausells made an agreement to purchase the said properties from her attorney in fact, but the deed was executed in the name of a son of Manuel Mayoral Barnés, the attorney in fact not knowing that he had a son of the same name; that the purchase price had not been paid by the defendants; that Manuel Mayoral Barnés and Pedro Clausells were directors of the Sociedad Hidroeléctrica de Ponce and knew that the stock of the said company had no market value, but with the intention of defrauding the plaintiff they induced her attorney in fact to sign deed No. 226 by which Ana María Barnés acknowledged a

debt to the plaintiff in the sum of $3,200 as a loan, which was not true, and secured its payment with the said stock, which she never delivered. The plaintiff also alleged that Pedro Clausells purchased the properties from Mayoral and after dividing them into lots sold the lots to other persons. The prayer of the complaint was that the court adjudge said deeds Nos. 225 and 226 null and void and order the delivery of the properties to the plaintiff, or that the defendants jointly and severally pay to her the price of the properties, that is, the sum of $3,200, with interest at the legal rate from the date of the sale, and the costs.

Pedro Clausells pleaded, among other defenses, his character as an innocent third person because he had no knowledge that in the title of his grantor there was any defect and because he acquired the two properties in good faith, with colorable title and for a consideration from one who appeared to be the owner, and the registry did not show any invalidating defect as to the property of six acres, which is the property recorded.

The court rendered judgment as prayed for in the complaint and Pedro Clausells took the present appeal.

[1] Inasmuch as this appeal has been taken by Pedro Clausells and the plaintiff did not pray for the annulment of his purchase title, wherefore it was not declared void by the judgment, it will be sufficient to consider whether he should have been adjudged to pay jointly and severally the sum of $3,200. However, we first want to say that inasmuch as the complaint alleges, and it is true, that Clausells divided the two properties into lots and sold them to other persons who have not been made defendants, the pronouncement contained in the judgment that the properties be restored to the plaintiff can not be sustained and the court below erred in so adjudging because it did not understand that the action was not an action of revendication, which could not have been maintained because the properties were not in the

possession of the defendants or any of them, but a subsidiary action to recover their value.

[2] The question being thus reduced, we must examine the evidence in order to decide whether the appellant was a party to the conspiracy alleged to have been entered into to obtain from the plaintiff's attorney in fact his consent and signature to deed No. 225 by which Dominicci sold the properties to Mayoral, or to deed No. 226 acknowledging a loan secured by collateral, both of which have been declared null and void and to which Pedro Clausells was not a party.

The evidence shows that by a public deed of May 6, 1920, Dominicci, as attorney in fact of his mother, gave to Pedro Clausells an option of two months for the purchase of the properties, which he did not exercise; that on November 13, 1920, Mayoral purchased these properties and sold them to Pedro Clausells on January 15, 1921, after Clausells had brought an action of debt against the father of the owner of the properties. As regards the plaintiff's oral evidence, her son Dominicci testified that Manuel Mayoral and Pedro Clausells went to see the properties; that he made the transaction with them and fixed the boundaries of what they acquired; that he asked Clausells whether he had any business with Mayoral and he replied that he was engaged as engineer to lay out the streets, Mayoral being his partner; that Clausells told him that he was going to purchase the property together with Mayoral and the latter told him that this was true. He also testified that he had collected the interest on the loan referred to in deed No. 226 and disposed of the corresponding sums without rendering an account to his mother. The plaintiff testified that she lived in the country and that when she heard of the sale she went to see Clausells who said to her that he did not have to apologize because all that he had done was to collect a debt from Mayoral, who conveyed to him the title to the properties, and that she did not know whether Pedro Clausells and Manuel Antonio Mayoral bought the property jointly.

Justino Rivera testified that he saw Mayoral and Clausells on the property that he had leased from the plaintiff; that they were inspecting it with the intention of purchasing it, but he could not say what was the exact date, and that afterwards they sold him a lot out of that property; that Clausells measured the lot and made the document of sale to him. Maximiliano Hernández, broker, testified that he saw Mayoral and Clausells enter the property which formerly belonged to the plaintiff and look over the boundaries. Justino Morales stated that he saw two persons, whose names he did not know, when the boundaries of the property were fixed. Pedro Clausells testified that Mayoral offered to sell him the properties and he purchased them, one of them being recorded in the registry.

That is the evidence of the plaintiff with regard to the conspiracy alleged between Pedro Clausells and Manuel Mayoral for purchasing her properties from her attorney in fact, and that evidence is not sufficient to justify a finding that Clausells entered into the alleged conspiracy with Mayoral, or that he knew that Mayoral did not pay the purchase price, or that he participated in the deed of loan secured by collateral or knew that it was false, for as we said in the case of *Calzado* v. *Carrero,* 15 P.R.R. 340, citing from Moore on Facts, fraud is not a thing to be lightly charged, and most emphatically is not a thing to be lightly established, and something more than mere suspicion is required to establish fraud, which must be proven by evidence which is clear, strong and convincing, for all presumptions are against it. We have rendered many decisions to the same effect, a recent one being the case of *Sabalier* v. *Bank of San Juan et al., ante,* page 338.

For the foregoing reasons the first ground of appeal assigning that the court committed a manifest error in weighing the evidence is sustained; therefore, the judgment appealed from is reversed in so far as appellant Pedro Clausells is concerned, and as to him the complaint must be dismissed.